TONYA ZWEIG and WARREN ZWEIG, )
                              )
       **Plaintiffs,**          )
                              )      **Civil Action, Case No. 3:10-cv-0535**
       **vs.**                 )
                              )
**WAL-MART STORES, INC. d/b/a**   )
**WAL-MART SUPERCENTER,**       )      **JUDGE NIXON**
                              )      **MAGISTRATE JUDGE KNOWLES**
       **Defendant.**          )
                              )

## <u>JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER</u>

Pursuant to Local Rule 16.01 (d), and as evidenced by the signatures of counsel below, the parties submit the following proposed initial case management report in accordance with this Court's instructions at the initial case management conference held on July 29, 2010 at 1100 A.M.

1.     **JURISDICTION:**   This Court has jurisdiction over the claims in this dispute pursuant to 28 U.S.C. §1332, diversity of citizenship of the parties.   Venue is proper in this Court pursuant to 28 U.S.C. §1391, because a substantial portion of the acts giving rise to this lawsuit occurred in this judicial district.

2.     **THEORIES OF THE PARTIES:**

(a)    **Plaintiffs' Theory:**

On May 5, 2009, Tonya Zweig ("Plaintiff" or "Mrs. Zweig") entered the premises of Wal-Mart Supercenter Store No. 710, located in Davidson County at 4424 Lebanon Pike, Hermitage, Tennessee 37076 ("Defendant" or "Wal-mart") as an invitee or guest.  Mrs. Zweig was walking toward the shoe department in the back of the store when she slipped on a puddle of water and

fell to the floor, seriously injuring herself. Mrs. Zweig did not see the water on the floor and was not otherwise aware or knew of the water's existence and was not warned of the potential hazard.

Upon information and belief, Defendant had actual and/or constructive knowledge of the dangerous condition. Defendant either knew or should have known that leaving water on the floor, in an area frequented by persons on the premises, would result in injuries. Defendant was negligent in allowing the dangerous condition to exist on its premises and in the exercise of ordinary care, should have known of the dangerous condition created by allowing water to remain on the floor. Defendant had a duty of ordinary care to maintain its premises in a reasonably safe manner and to inspect, identify and correct dangerous conditions that may be encountered by invitees and guests of the store.

As a result of Defendant's breach of duty of care, Mrs. Zweig was caused to suffer serious injuries, extensive medical bills, pain and suffering, and a variety of additional damages including, but not limited to, emotional distress and loss of enjoyment of life. Furthermore, Mrs. Zweig and her husband, Warren Zweig (collectively "Plaintiffs"), have suffered a loss of each other's consortium and loss of the services of each other as a result of this injury.

Plaintiffs are entitled to recover the full extent of their damages from the defendant.

**(b)** **Defendant's Theory:** Defendant did not create a dangerous condition and did not cause Plaintiff to fall. Defendant exercised reasonable and ordinary care. Under the doctrine of comparative fault, plaintiff's claim should be barred or reduced by any fault attributed to plaintiff by the jury.

**3.** **ISSUES RESOLVED:** Jurisdiction and venue.

2

**4. ISSUES STILL IN DISPUTE:** No legal or factual issues have been resolved at this time.

**5. PREDISCOVERY DISCLOSURES:** The parties will exchange by **August 23, 2010** the information required by Federal Rule of Civil Procedure 26(a)(1).

**6. DISCOVERY PLAN:** The parties jointly propose to the Court the following discovery plan:

(a) **Completing All Discovery:** The parties shall complete all written discovery and depositions on or before **February 15, 2011.** Document requests, interrogatories and requests for admission shall be served sufficiently in advance of the discovery cutoff in order to allow time for responses~~, and resolution of any discovery disputes prior to the expiration of the discovery deadline~~. Discovery related motions are due on or before **March 22, 2011.**

(b) **Expert Disclosure (Rule 26):**

(i) Plaintiff's Rule 26 Experts shall be disclosed by **January 14, 2011.** The deadline for plaintiffs to complete all depositions for evidence of any witness offering medical or other expert testimony shall be **January 14, 2011.**

(ii) Defendant's Rule 26 Experts shall be disclosed by **April 14, 2011.** The deadline for defendant to complete an independent medical exam ("IME") and disclose any expert who conducts an IME is **April 14, 2011.**

If the IME expert will not testify live at trial, then his deposition for evidence will be completed by **May 14, 2011.** If the IME expert will testify live at trial, then his discovery deposition, if plaintiff chooses to take one, will be completed by **May 14, 2011.**

(iii) Plaintiff's Rule 26 Rebuttal Experts shall be disclosed by **May 28, 2011.**

The deadline for defendant to complete all depositions for evidence of any expert, including any treating health care provider, is **June 14, 2011.** The deadline for any other discovery depositions of experts who will testify live at trial is **June 14, 2011.**

3

To the extent that either party seeks to admit a deposition of any expert, including the deposition of any treating health care provider, taken for evidence, the parties agree and request that the Court waive the requirements of Rule 32(a)(4)(E) regarding use of the deposition at trial. This stipulation does not waive the parties' rights to object to the admissibility of any specific content of the subject deposition.

7. **MOTIONS:**

  (a) **Joining Parties:**

    (i) Plaintiff: **September 15, 2010**

    (ii) Defendant: **October 15, 2010**

  (b) **Deadline for Filing Motions to Amend the Pleadings:**

    (i) Plaintiff: **September 15, 2010**

    (ii) Defendant: **October 15, 2010**

  (c) **Dispositive Motions:** The deadline for filing dispositive motions is **April 1, 2011**. Responses within twenty (20) days after filing of Motion. Replies, if any, ten (10) days after filing of Response.

8. **OTHER ITEMS:**

  (a) **Mediation.** The parties have not reached an agreement with regard to mediation.

  (b) ~~**Subsequent Case Management Conferences**~~. A follow-up case management conference should be scheduled by the parties with Magistrate Judge Knowles' office approximately one month before the close of discovery.

9. **TRIAL DATE:** This case is set for trial at 9:00 AM on August 30, 2011, before the Honorable John T. Nixon. The Pretrial Conference is set for August 19, 2011, at 10:00 AM.

4

It is so **ORDERED**.

**ENTERED** this the _____ day of _____, 2010.

_____
**MAGISTRATE JUDGE KNOWLES**


**APPROVED FOR ENTRY:**


/s/ Sean J. Martin
Sean J. Martin, BPR #020196
DRESCHER & SHARP, P.C.
1720 West End Ave., Suite 300
Nashville, Tennessee 37203
615-425-7116
615-425-7110 (fax)
smartin@dsattorneys.com

*Attorneys for Plaintiffs*


/s/ Andy Rowlett
Andy Rowlett, BPR #016277
Behnaz Barahimi, BPR #027082
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201
615-244-3370

*Attorneys for Defendant*

5